United States District Court
Southern District of Texas
**ENTERED**
February 14, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL ADEYINKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2542 |
| | § | |
| DEMOSEND, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

The plaintiff, Emmanuel Adeyinka ("Adeyinka"), has filed a Complaint and Request for Injunction (Doc. 1), alleging copyright infringement by several defendants. This case has been referred for pretrial management under 28 U.S.C. § 636(b) (Doc. 7). Plaintiff proceeds pro se and in forma pauperis. At the court's request, Adeyinka has filed a More Definite Statement of his Claims (Doc. 15). He has also filed two duplicate pleadings entitled "Motion For Relief" (Docs. 24 and 25), and another entitled "Motion of Content" (Doc. 26). In addition, Adeyinka has filed a "Writ of Objection" to the court's previous order entered on November 20, 2018, granting him leave to proceed in forma pauperis and directing him to pay the filing fee by making monthly installments (Doc. 23).

Because Adeyinka proceeds in forma pauperis, the court is required to screen the pleadings and dismiss the complaint, in whole or in part, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(b).  After considering all of the pleadings and the applicable law, the undersigned recommends that Adeyinka's motions be denied, that his objection be overruled, and that this case be dismissed.

I.   **BACKGROUND**

Adeyinka is a resident of Houston, Texas, who has filed this lawsuit for copyright infringement by the following defendants: (1) Demosend; (2) Tunecore; (3) Decca Records/Universal Music Group; (4) Patrick Zelnik; (5) Gilles Paires; (6) Eric Tony; (7) United States Senator John Cornyn; and (8) United States Senator Ted Cruz (Doc. 1, at 1, 3-4). Adeyinka also lists Believe Distribution Services and Naïve Records as defendants, although he makes no substantive allegations against these entities (Id. at 3).[1]

Adeyinka's primary claims of copyright infringement are against Tunecore and Demosend, which are digital music distributors.  Adeyinka alleges that, in 2012, he "sign[ed] up" with TuneCore for digital distribution of a musical recording

---

[1]    Demosend is identified as an Italian company (Doc. 1, at 3). Decca Records/Universal Music Group is located in San Antonio, Texas (Id.). Adeyinka does not provide complete information about where any of the other defendants are located.  He provides no information or address for Tunecore. Defendants Zelnik, Paires, and Tony are described only as citizens of France who reside in Paris (Id. at 2).  Believe Distribution Services and Naïve Records are also located in Paris, France (Id. at 3).  Senators Cornyn and Cruz are from Texas, but Adeyinka provides no address for either one.

identified as "Hip-hop Knocking at My door," which Adeyinka created under the pseudonym Vers Convelly (Doc. 15, at 1). Adeyinka explains that he signed up to distribute his musical recordings in this manner to generate "digital radio plays" that would earn royalties (Id.). Adeyinka also paid three other companies that are not defendants here (identified as "GET RADIO PLAY," "register my music," and "CAPACITY PRODUCTION") to register his music and play this song on the radio (Doc. 15, at 1). Adeyinka cancelled his distribution agreement with TuneCore at some point in 2012, after a dispute over "collection and royalties" (Id.)

In 2016, Adeyinka signed up for digital distribution with Demosend, which is reportedly associated with TuneCore, for a song called "tripping" (Doc. # 15, at 1). Adeyinka cancelled that agreement after about a month (Id.).

Adeyinka has identified the following content for which he has obtained a registered copyright: (1) Safari Prime Enterprise Inc. Project, Registration No. Sru 1-241-673; (2) Vers Production Project, Registration No. Sru 1-143-374; (3) AdultrobbenHood Part 2, Registration No. Pau 3—885-865; (4) Sex Video, Registration No. Pau 3-691-586; (5) 1 how basketball play and crossover, Vau 1-179-052 (Doc. 8, at 1; Doc. 15, at 12-18). Adeyinka appears to allege that these works were reproduced or used in an unauthorized manner by "the defendants" and that he was deprived of between "65-90 million" in "music royalties" as a result (Doc. 15, at 3). He

claims further that the defendants generally violated the following federal statutory provisions, which he identifies only as "DAM," "SOPA," "DMCA," and "ESO" (Doc. 1, at 2).

In addition to his allegations of copyright infringement, Adeyinka claims that he was falsely accused and imprisoned for criminal charges lodged against him in Harris County, Texas (Doc. 15, at 3-4). He provides little information about those charges, referencing only an appeal in Case No. 01-18-00312-CR, which is associated with one of his convictions (Doc. 1, at 5).[2] He claims that his First and Fourth Amendment rights were violated in connection with these charges, although he does not say by whom (Id. at 4). Adeyinka alleges further that he has been illegally required to register as a sex offender because he has a prior conviction for indecent exposure (Doc. 15, at 5).

## II. STANDARD OF REVIEW

Because Adeyinka is pro se, his allegations are entitled to a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)); see also Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by

---

[2] Court records show that Adeyinka's appeal, which concerned a state court conviction for retaliation, was dismissed because his notice of appeal was untimely filed. See Adeyinka v. State, No. 01-18-00312-CR (Tex. App. — Houston [1st Dist.] July 10, 2018).

-4-

lawyers). Even under this lenient standard a plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To state a claim for which relief may be granted under the federal pleading rules "[a] complaint must be plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Whitaker v. Collier, 862 F.3d 490, 497 (5th Cir. 2017) (internal quotation marks and citations omitted). While it is not necessary for a plaintiff to plead specific facts, he must articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2007) (quoting Twombly, 127 S. Ct. at 1965).

### III. DISCUSSION

#### A. Copyright Infringement Claims

A copyright holder has the exclusive right to authorize the reproduction of his copyrighted work or, "in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission." 17 U.S.C. § 106(1),(6). To establish

-5-

a prima facie case of copyright infringement, a plaintiff must show: (1) that he owns a valid copyright in the work; and (2) that the defendant copied original elements of the work. See Hermosilla v. Octoscope Music, LLC, Civil Action No. 10-21990, 2010 WL 5059559, at *3 (S.D. Fla. Dec. 6, 2010) (citing Suntrust Bank v. Houghton Mifflin Co., 68 F.3d 1257, 1265-66 (11th Cir. 2001)); see also Sanchez v. Hacienda Records and Recording Studio, Inc., 42 F. Supp.3d 845, 851 (S.D. Tex. 2014) ("Copyright infringement claims have two basic elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.") (citation omitted).  "A certificate of registration, if timely obtained, is prima facie evidence both that the copyright is valid and that the registrant owns the copyright." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

### 1. Infringement in 2012

Adeyinka alleges infringement by Tunecore in 2012, when he claims that the song "Hip-hop Knocking at My door" was not removed from digital distribution after he cancelled his service (Doc. 15, at 1, 3).  He describes the infringement as "the reproduction" of his music, which constituted "unauthorized use" (Id. at 3).  He reportedly filed a previous lawsuit against Decca Records/Universal Music Group about this infringement in 2012, but the case was

"dismiss[ed]" because of "no appearance" (Id. at 8).³

A civil action for copyright infringement must be commenced "within three years after the claim has accrued." 17 U.S.C. § 507(b). "When the alleged infringement is based on copying, the three-year limitations period is a rolling one, with each act of copying commencing a new three-year limitations period." Guajardo v. Freddie Records, Inc., 2014 WL 12605135, at *3 (S.D. Tex. Dec. 16, 2014) (citing Jaso v. Coca-Cola Co., 435 F. App'x 346 (5th Cir. 2011). Adeyinka filed his complaint alleging copyright infringement on July 19, 2018 (Doc. 1, at 1). To the extent that the plaintiff complains about infringement that he knew about in 2012, those claims are outside the three-year statute of limitations.⁴ Because Adeyinka does not allege any other facts showing that Tunecore has infringed one of his copyrighted works since that time, the claims against this defendant should be dismissed.

### 2. Infringement by Demosend in 2016

Adeyinka alleges infringement by Demosend in 2016, for the

---

³ Adeyinka does not provide a cause number or any details about the lawsuit, such as where it was filed (Doc. # 15, at 1, 8).

⁴ In the more definite statement supplied by Adeyinka, he asserts that copyright infringement occurred in "1/2007," or January 2007 (Doc. 15, at 3). He does not elaborate or attribute the infringement to any defendant named in this lawsuit. Any infringement that occurred in 2007, more than ten years before suit was filed, is time-barred. The allegation is further so vague that it does not state a claim. See Fed. R. Civ. P. 8(a).

song entitled "tripping," but he concedes that the song was "still in process with the copyright office of the United States, and that he is still awaiting completion of a copyright for that title (Doc. 15, at 1). Because Adeyinka does not allege that he has a valid copyright for this song, he does not state a claim for infringement against Demosend for its use, if any. Therefore, Adeyinka's allegation of infringement against Demosend should be dismissed for failure to state a claim.

### 3. Infringement by Other Defendants

In its order for a more definite statement, the court asked Adeyinka to provide facts in support of his general allegation that "the defendants" engaged in copyright infringement of his protected works (Doc. 12, at 4). Adeyinka has not alleged any facts showing that Decca Records/Universal Music Group, Patrick Zelnik, Gilles Paires, Eric Tony, Senator John Cornyn, Senator Ted Cruz, Believe Distribution Services or Naïve Records copied original elements of any valid copyright owned by him (Doc. 15, a 7-8). The allegations of infringement these defendants should be dismissed for failure to state a claim.

### 4. Unspecified Statutory Violations

In its order for a more definite statement, the court also asked Adeyinka to identify each specific statute by its full name and to provide facts in support of his allegation that the defendants violated the provisions that he lists in his complaint

as DAM, SOPA, DMCA, and ESO (Doc. 1, at 2). Adeyinka responded with one sentence, stating that "[t]he barcode that Demosend use [sic] to disturber [his] music is not the barcode that on [his] certificate of registration 0648620207449, and the song Daddy remenberer [sic] which violate the DAM putting in status of the SOPA and put it the DMCA status" (Doc. # 15, at 7). Adeyinka's response is vague and incomprehensible. As a result, the alleged statutory violations listed in the complaint consist of little more than "labels and conclusions," which are not sufficient to articulate a claim under a recognizable legal theory. See Iqbal, 129 S. Ct. at 1949; Twombly, 127 S. Ct. at 1965. The alleged statutory violations, which are unsupported by any specific facts, should be dismissed for failure to state a claim.

### B.   First and Fourth Amendment Claims

Finally, Adeyinka alleges that he was subject to false arrest and imprisonment, and that he has been wrongfully required to register as a sex offender because of a prior conviction for indecent exposure (Doc. 1, at 5; Doc. 1, at 3-7). None of the defendants are alleged to have any involvement in Adeyinka's arrest, prosecution, conviction, or punishment. Accordingly, these allegations should be dismissed for failure to state a claim where the named defendant are concerned.

Moreover, Adeyinka has litigated the substance of these claims in several previous lawsuits in this district, which have been

dismissed either as frivolous or malicious.[5] See Adeyinka v. Harris County, et al., Civil No. H-18-1616 (S.D. Tex. May 18, 2018) (frivolous); Adeyinka v. Harris County Jail et al., Civil No. H-18-1782 (S.D. Tex. July 13, 2018) (frivolous); Adeyinka v. Harris County Jail et al., Civil No. H-18-2161 (S.D. Tex. July 27, 2018) (frivolous); Adeyinka v. Houston Texas Dep't of Public Safety, Civil No. H-18-2753 (S.D. Tex. Aug. 15, 2018) (malicious). Another case filed by Adeyinka to challenge his conviction for retaliation and sex offender registration requirement was dismissed for failure to state a claim. See Adeyinka v. Texas Dep't of Justice, et al., Civil No. H-18-2782 (S.D. Tex. Aug. 15, 2018).

A complaint is considered "malicious" for purposes of 28 U.S.C. § 1915(e)(2)(B) if it duplicates allegations made in another federal lawsuit by the same plaintiff. See Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). To the extent that Adeyinka repeats allegations that have been considered and dismissed previously, his claims should be dismissed as malicious.

**C.   Plaintiff's Motions**

After he filed his response to the Court's order for a more

---

[5] Court records reflect that Adeyinka filed eleven pro se lawsuits in this district in 2018. Apart from this case, the only other one that remains pending is the plaintiff's Title VII lawsuit against the National Basketball Association, seeking $300 million in damages for vague claims of "psychological and physical and emotional discrimination and harassment," as well as copyright infringement, conspiracy, false arrest and imprisonment. See Adeyinka v. NBA Corporate Office, Civil No. H-18-1929 (S.D. Tex.).

definite statement, Adeyinka has filed two copies of a "Motion For Relief," which reference "[p]assing off and trade mark law" (Docs. 24 and 25), and a "Motion of Content" (Doc. 26). None of the allegations made in these motions implicate the defendants or any of the claims raised in his complaint. Because Adeyinka does not otherwise demonstrate that he has a valid claim for relief, these motions should be denied and this case should be dismissed.

**D.   Plaintiff's Objections**

On November 20, 2018, the court granted the application for leave to proceed in forma pauperis filed by the pro se plaintiff, Emmanuel Adeyinka (Doc. 21, at 1). Because the application reflected that Adeyinka had a monthly income of $2857.00 and minimal expenses (Doc. 6, at 2, 4), the court directed him to pay the filing fee for indigent litigants ($350.00) by making monthly installments of $25.00, beginning December 1, 2018 (Doc. 21, at 2). The court warned Adeyinka that his failure to comply as directed could result in the dismissal of this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Id.).

To date, Adeyinka has not complied by making partial payments of the filing fee as directed. He has, however, filed a "Writ of Objection" to the November 20, 2018 order in which he accuses the court of "price fixing" and creating "horizontal restraints of trade" in violation of 15 U.S.C. § 3502 (Doc. 23, at 1).

Adeyinka's objection is without merit. Adeyinka does not otherwise demonstrate that he is without means to pay the fee by installment or that the court's order directing him to do so was improper. In that regard, it is within a court's discretion to require a litigant to make periodic partial payments of the filing fee to the extent that it is feasible. See Lohnbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999) (finding that the district court's exercise of discretion in requiring installment payments of the appellate filing fee for a pro se habeas petitioner was "sound" and commending the approach to other district judges); see also Dotson v. Blood Ctr. of Southeastern Wis., 988 F. Supp. 1216, 1219 (E.D. Wis. 1998) (observing that it was within the court's discretion to order payment of the filing fee where the litigant was "economically able to pay a portion thereof").

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Startti v. United States, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam). In view of Adeyinka's litigation history in this district, it is a privilege that he has abused. Courts have inherent authority to sanction abusive litigants by imposing monetary penalties and placing other restrictions on their ability to file suit. See Chambers v. NASCO, Inc., 111 S. Ct. 2123, 2131-38 (1991); In re Stone, 986 F.2d 898, 902 (5th Cir. 1993) (courts

possess the inherent power "to protect the efficient and orderly administration of justice," which includes "the power to levy sanctions in response to abusive litigation practices") (citations omitted). Requiring Adeyinka to pay the filing fee by installment in this case was justified under the circumstances. Because he has failed to comply with the court's order to pay the filing fee by installment when it appears that he has the means to do so, the case is subject to dismissal for want of prosecution and failure to comply court orders under Rule 41(b).

## IV. CONCLUSION

Based on the foregoing, the Court recommends that Adeyinka's motions (Docs. 24, 25, 26) be **DENIED**, that his objections be **OVERRULED** (Doc. 23), and that this case be **DISMISSED.**

The Clerk shall send copies of this Memorandum and Recommendation to Adeyinka, who will have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** at Houston, Texas, on this 14th day of February, 2019.

_____
U.S. MAGISTRATE JUDGE