UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EMMANUEL ADEYINKA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-18-2542 |
| | § | |
| DEMOSEND, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is a memorandum and recommendation ("M&R") in which the Magistrate Judge recommends that plaintiff Emmanuel Adeyinka's motions (Dkts. 24, 25, 26) be denied, his objections (Dkt. 23) be overruled, and the case be dismissed. Dkt. 28. Adeyinka has filed objections to the M&R. Dkt. 31. After considering the M&R, objections, relevant documents in the record, and the applicable law, the court is of the opinion that Adeyinka's motions (Dkts. 24, 25, 26) should be DENIED for the reasons explained in full in the M&R. Adeyinka's objections (Dkt. 23, 31) should be OVERRULED, the M&R (Dkt. 28) should be ADOPTED IN FULL, and Adeyinka's case should be DISMISSED WITHOUT PREJUDICE.

A party may file objections to a Magistrate Judge's ruling within fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). The standard of review used by the district court depends on whether the Magistrate Judge ruled on a dispositive or non-dispositive motion. *See* Fed. R. Civ. P. 72; *see also* 28 U.S.C. § 636(b)(1)(c). District courts must "modify or set aside any part of [an order on a nondispositive motion] that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). For dispositive motions, district courts "must determine de novo any part of the magistrate judge's disposition that has been properly

objected to." Fed. R. Civ. P. 73(b)(3). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Comm. Note (1983).

The court has reviewed these issues de novo and fully agrees with the reasoning set out in the M&R. Adeyinka's specific objections are mostly unclear. However, with one exception, they appear to be without merit.

Adeyinka's one potentially meritorious objection involves his application to proceed *in forma pauperis*. The Magistrate Judge initially granted Adeyinka's application, but ordered him to pay the $350 indigent litigant filing fee in $25 monthly installments. Dkt. 21. Adeyinka objects that this order was based on an incorrect assumption that he had a monthly income of $2,857 when, in reality, his annual income for 2018 totaled only $4,909. Dkts. 31 at 1, 31-2.

However, this objection also fails. Regardless of Adeyinka's income or employment status, Adeyinka does not have the right to proceed without paying filing fees. As the Magistrate Judge noted, "[t]here is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Where an action is frivolous or malicious, courts have inherent power to impose sanctions on the offending litigant. *See Gant v. Lockheed Martin Corp.*, 152 F. App'x 396, 397 (5th Cir. 2005); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44, 111 S. Ct. 2123 (1991). Here, Adeyinka has an extensive history of abusive litigation in this district. *See* Dkt. 28 at 10 n.2. The Magistrate Judge correctly determined that, in light of this history and the frivolousness of the pending case, the court was justified in requiring Adeyinka to pay the indigent filing fee. *Id.* at 12.

Therfore, Adeyinka's motions (Dkts. 24, 25, 26) are DENIED for the reasons explained in full in the M&R. Adeyinka's objections (Dkt. 23, 31) are OVERRULED, the M&R (Dkt. 28) is ADOPTED IN FULL, and Adeyinka's case is DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on April 4, 2019.

_____
Gray H. Miller
Senior United States District Judge